IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHAN RIVERA-PIEROLA, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>BOARD OF REGENTS FOR THE )<br>OKLAHOMA AGRICULTRUAL AND )<br>MECHANICAL COLLEGES; STATE OF )<br>OKLAHOMA ex rel. OKLAHOMA STATE )<br>UNIVERSITY; and ST. MATTHEWS )<br>UNIVERSITY, )<br>)<br>Defendants. ) | Civil Action No.: CIV-21-616-PRW |

## ANSWER OF DEFENDANTS BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL AND MECHANICAL COLLEGES AND OKLAHOMA STATE UNIVERSITY

COME NOW, Defendants, the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges ("Board of Regents") and the State of Oklahoma ex rel. Oklahoma State University ("OSU"), hereinafter collectively referred to as "Defendants" and submit the following Answer to the Complaint [Doc. No. 1] filed by Plaintiff, Jonathan Rivera-Pierola ("Plaintiff"):

## INTRODUCTION

Plaintiff has included an "Introduction" in his Complaint. [Doc. 1 at 1–2]. This section sets forth a subjective summary of Plaintiff's factual contentions and legal arguments and does not require a response. However, to the extent that any response may be required, Defendants deny the allegations contained in the Introduction and demand strict proof thereof.

## PARTIES

1. Defendants do not have sufficient knowledge and/or information to form a belief as to where Plaintiff resides; therefore, Defendants deny same and demand strict proof thereof. Additionally, Defendants deny that Plaintiff was in good standing at all times during his involvement with the OSUCVM Year IV clinical program (the "Program").

2. Defendants admit that OSU is a public institution of higher education located in the state of Oklahoma. OSU has campuses at various locations throughout the state, with its primary campus located in Stillwater, Oklahoma. OSU operates the Program at its Stillwater campus. Defendants also admit that the Board of Regents is an entity vested, under the Oklahoma Constitution and other applicable Oklahoma law, with the exclusive authority to oversee, manage and govern the operations of the agricultural and mechanical colleges of the State of Oklahoma, including OSU. (Okla. Const. art. VI, § 31a; 70 O.S. §§ 3411, 3412).

3. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained in ¶ 3 of Plaintiff's Complaint; therefore, Defendants deny same and demand strict proof thereof.

4. Defendants admit that pursuant to an affiliation agreement between OSU and St. Matthews University ("SMU"), OSU agreed to provide clinical education to SMU veterinary medicine students by way of the Program, and that upon admission to the program, the SMU students were considered to be and treated as OSU students.

5. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained in ¶ 5 of Plaintiff's Complaint; therefore, Defendants deny same and demand strict proof thereof.

6. Defendants admit the allegations contained in ¶ 6 of Plaintiff's Complaint.

## JURISDICTION

7. Defendants admit Plaintiff has invoked subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

8. Defendants admit that venue is proper with this Court.

9. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained in ¶ 9 of Plaintiff's Complaint; therefore, Defendants deny same and demand strict proof thereof. However, Defendants are currently unaware of any conditions precedent to the maintenance of this suit and/or Plaintiff's claims that have not occurred or been performed.

## GENERAL FACTUAL ALLEGATIONS

10. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained in ¶ 10 of Plaintiff's Complaint; therefore, Defendants deny same and demand strict proof thereof.

11. Defendants admit the allegations contained in ¶ 11 of Plaintiff's Complaint.

12. Defendants admit that once Plaintiff was admitted to the Program, he was considered to be and treated as an OSU student. Additionally, Defendants admit that the policies and procedures specifically related to the College of Veterinary Medicine and the OSU students enrolled therein are contained in OSU's College of Veterinary Medicine

Student Handbook.

13. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained in ¶ 13 of Plaintiff's Complaint; therefore, Defendants deny same and demand strict proof thereof.

14. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained in ¶ 14 of Plaintiff's Complaint; therefore, Defendants deny same and demand strict proof thereof.

15. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained in ¶ 15 of Plaintiff's Complaint; therefore, Defendants deny same and demand strict proof thereof.

16. Defendants admit that Plaintiff was required to repeat a rotation. Defendants do not have sufficient knowledge and/or information to form a belief as to the remainder of the allegations contained in ¶ 16 of Plaintiff's Complaint; therefore, Defendants deny same and demand strict proof thereof.

17. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained in ¶ 17 of Plaintiff's Complaint; therefore, Defendants deny same and demand strict proof thereof.

18. Defendants admit that Plaintiff started a Community Practice rotation in February of 2020. Defendants deny the remainder of the allegations contained in Plaintiff's Complaint and demand strict proof thereof.

19. Defendants deny the allegations contained in ¶ 19 of Plaintiff's Complaint and demand strict proof thereof.

20. Defendants admit Plaintiff was instructed to review a dog's blood work. Defendants deny the remainder of the allegations contained in ¶ 20 of Plaintiff's Complaint, as Plaintiff failed to identify abnormal findings in the blood work. Plaintiff also failed to discuss his review and/or diagnostic or treatment plan with a clinician, which is expected of all veterinary students.

21. Defendants admit that Dr. Sypniewski corrected Plaintiff and informed him of errors he had made. Defendants also admit that Dr. Sypniewski called the owner of the dog to advise of Plaintiff's errors, as the Boren Veterinary Medical Hospital at OSU is a teaching hospital, and clients are generally aware of the fact that clinicians may be required to make corrections to work performed by students. However, Defendants deny the remainder of the allegations contained in ¶ 21 of Plaintiff's Complaint, and demand strict proof thereof.

22. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained in ¶ 22 of Plaintiff's Complaint regarding whether Plaintiff did, in fact, spot abnormalities, what instructions Plaintiff alleges he was following and which preceptors from whom Plaintiff alleges he received confirmation; therefore, Defendants deny same and demand strict proof thereof. Defendants admit that the situation was not deemed by Dr. Sypniewski or anyone else to require critical care. Defendants deny Plaintiff ever received instructions to interpret laboratory values and report them to an owner without first discussing his interpretations with a senior clinician.

23. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained in ¶ 23 of Plaintiff's Complaint; therefore, Defendants deny same and demand strict proof thereof.

24. Defendants admit that Plaintiff did perform a spay surgery. Defendants deny that Plaintiff appropriately expressed his previous level of experience and/or level of confidence with regard to performing the surgery, as Plaintiff indicated that he was very confident in his ability to perform the surgery.

25. Defendants admit that Plaintiff's spay surgery performance was addressed with him. Defendants deny Plaintiff's allegation that he was falsely accused, as Plaintiff's performance did not reflect his reported level of confidence, and Plaintiff was advised that overconfidence in surgical situations can become a life-threatening issue for patients.

26. Defendants deny Plaintiff's assertion of a 7:30 a.m. deadline for the performance of patient care duties, as the deadline is 7:15 a.m., to ensure the attending doctor can sign off on the ICU chart at 7:30 a.m. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations regarding the specific instance referenced in ¶ 26 of Plaintiff's Complaint; therefore, Defendants deny same and demand strict proof thereof.

27. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained in ¶ 27 of Plaintiff's Complaint; therefore, Defendants deny same and demand strict proof thereof.

28. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained in ¶ 28 of Plaintiff's Complaint; therefore, Defendants deny same and demand strict proof thereof.

29. Defendants deny the allegations contained in ¶ 29 of Plaintiff's Complaint and demand strict proof thereof.

30. Defendants deny the allegations contained in ¶ 30 of Plaintiff's Complaint, as daily coaching and discussion occurs throughout the rotation, and Dr. Sypniewski had discussions about performance and expectations with Plaintiff during the 2nd and 3rd weeks of the rotation.

31. Defendants deny that preceptors raised false allegations and that Plaintiff would have passed the rotation but for the alleged false allegations. The written examination referenced by Plaintiff is an objective measure of a student's ability to apply lecture material to a hypothetical case. The exam is not a measure of clinical skill or clinical acumen. Defendants do not have sufficient knowledge and/or information to form a belief as to the remainder of the allegations contained in ¶ 31 of Plaintiff's Complaint; therefore, Defendants deny same and demand strict proof thereof.

32. Defendants deny the allegations contained in ¶ 32 of Plaintiff's Complaint and demand strict proof thereof.

33. Defendants deny the allegations contained in ¶ 33 of Plaintiff's Complaint and demand strict proof thereof.

34. Defendants admit the allegations contained in ¶ 34 of Plaintiff's Complaint.

35. Defendants deny the allegations contained in ¶ 35 of Plaintiff's Complaint,

as students are provided an opportunity to provide their perspective of their performance and/or behavior during the rotation, which would include the opportunity to address allegations of dishonesty.

36. Defendants admit the allegations contained in ¶ 36 of Plaintiff's Complaint.

37. Defendants do not have sufficient knowledge and/or information to form a belief as to Plaintiff's allegation that Plaintiff did his best to answer the questions posed by the Professional Standards Committee ("PSC"); therefore, Defendants deny same and demand strict proof thereof. Defendants deny the remainder of the allegations contained in ¶ 37 of Plaintiff's Complaint, as all students, including Plaintiff, are given as much time as needed to present and discuss their defense and/or case.

38. Defendants admit the allegations contained in ¶ 38 of Plaintiff's Complaint.

39. Defendants admit the allegations contained in ¶ 39 of Plaintiff's Complaint.

40. Defendants admit the allegations contained in ¶ 40 of Plaintiff's Complaint.

41. Defendants admit that Plaintiff filed a timely appeal with the Dean. Defendants also admit that Plaintiff accepted his responsibility for the issues that had been identified by the PSC and Plaintiff presented the Dean with a plan for improving his clinical performance. However, Defendants do not have sufficient knowledge and/or information to form a belief as to what Plaintiff was hoping to do. To the extent Plaintiff is suggesting that he antagonized the Dean, Defendants deny same and demand strict proof thereof.

42. Defendants admit that Plaintiff mentioned to the Dean that he had begun to receive counseling by an on-campus psychologist at OSU; however, Defendants deny the Dean made a recommendation that Plaintiff receive counseling.

43. Defendants admit that Plaintiff participated in an anesthesiology rotation that began on Monday March 23, 2020. This was the first entirely virtual anesthesiology rotation offered as part of the Program, which resulted from OSU, along with all other universities and institutions of higher education throughout the world, navigating the novel complexities and health risks posed by the COVID-19 pandemic.

44. Defendants admit that pursuant to Plaintiff's appeal, the Dean allowed Plaintiff to remain in the program on academic suspension and that should Plaintiff receive a grade of "C" or lower in any rotations, he would be dismissed from the program without further PSC review or appeal. Defendants deny Plaintiff's allegation that OSU policies provide for additional appeals under these circumstances.

45. Defendants admit that Plaintiff was enrolled in the anesthesiology rotation. Defendants deny the remainder of the allegations contained in ¶ 45 of Plaintiff's Complaint and demand strict proof thereof.

46. Defendants admit that the utilization of virtual rotations was a change to the structure of how rotations had typically been conducted. This change was made due to the fact that in-person instruction was not an option at that time. Additionally, Defendants admit that the sudden necessary reliance upon unfamiliar technology, at times, posed challenges to faculty, staff and students. However, to the extent Plaintiff alleges these challenges were the cause of his poor performance, Defendant denies same and demands strict proof thereof.

47. Defendants admit that during the anesthesiology rotation a laptop equipped with a camera was taken into the anesthesia induction area and operating room to provide

the students with a viewing opportunity. At times, internet connectivity was intermittent, and during one of those instances a student made a remark that was able to be heard by all of the individuals participating in the virtual setup.

48. Defendants admit that the student's remark included offensive language, and that the anesthesiology rotation was ended, though it is unclear whether it was on April 8, 2020, or April 9, 2020, which was either two (2) days or one (1) day before the end of rotation examination scheduled for April 10.

49. Defendants deny the allegations contained in ¶ 49 of Plaintiff's Complaint and demand strict proof thereof.

50. Defendants deny the allegations contained in ¶ 50 of Plaintiff's Complaint and demand strict proof thereof.

51. Defendants admit that pursuant to the syllabus, a total of 1000 points were possible for the rotation, which consisted of both a subjective and an objective component, and a letter grade was to be assigned based on the total points earned; however, pursuant to the syllabus, overall scores of at least 70% of the subjective component and 70% on the objective component were necessary to receive a passing grade. Defendants deny the existence of any instructional issues that would cause exam scores to be predictably lower.

52. Defendants admit that Plaintiff was informed of his dismissal from the program on April 21, 2020. Defendants also admit that Plaintiff was not provided further opportunity to appeal his grade or dismissal, as he was on academic suspension, as described in ¶ 44 above. Defendants deny that the preceptor refused to teach 14% of the course and/or rotation.

53. Plaintiff has failed to identify which administrators he contacted and/or how he was rebuffed. As such, Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained in ¶ 53 of Plaintiff's Complaint; therefore, Defendants deny same and demand strict proof thereof.

54. The allegations contained in ¶ 54 of Plaintiff's Complaint are directed at SMU. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained therein; therefore, Defendants deny same and demand strict proof thereof.

55. The allegations contained in ¶ 55 of Plaintiff's Complaint are directed at SMU. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained therein; therefore, Defendants deny same and demand strict proof thereof.

56. The allegations contained in ¶ 56 of Plaintiff's Complaint are directed at SMU. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained therein; therefore, Defendants deny same and demand strict proof thereof.

**FIRST CAUSE OF ACTION**

57. In response to the allegations in ¶ 57 of Plaintiff's Complaint, Defendants incorporate the specific, individual responses set forth in ¶¶ 1 – 56 above.

58. The statement set forth in ¶ 58 of Plaintiff's Compliant is a legal conclusion to which no response is required.

59. The statement set forth in ¶ 59 of Plaintiff's Compliant is a legal conclusion to which no response is required.

60. The statement set forth in ¶ 60 of Plaintiff's Compliant is a legal conclusion to which no response is required.

61. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained in ¶ 61 of Plaintiff's Complaint; therefore, Defendants deny same and demand strict proof thereof.

62. Defendants deny the allegations contained in ¶ 62 of Plaintiff's Complaint and demand strict proof thereof.

63. The allegations contained in ¶ 63 of Plaintiff's Complaint are directed at SMU. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained therein; therefore, Defendants deny same and demand strict proof thereof.

64. The allegations contained in ¶ 64 of Plaintiff's Complaint are directed at SMU. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained therein; therefore, Defendants deny same and demand strict proof thereof.

65. The allegations contained in ¶ 65 of Plaintiff's Complaint are directed at SMU. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained therein; therefore, Defendants deny same and demand strict proof thereof.

66. The allegations contained in ¶ 66 of Plaintiff's Complaint are directed at SMU. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained therein; therefore, Defendants deny same and demand strict proof thereof.

67. The allegations contained in ¶ 67 of Plaintiff's Complaint are directed at SMU. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained therein; therefore, Defendants deny same and demand strict proof thereof.

68. The allegations contained in ¶ 68 of Plaintiff's Complaint are directed at SMU. Defendants do not have sufficient knowledge and/or information to form a belief as to the allegations contained therein; therefore, Defendants deny same and demand strict proof thereof. To the extent any allegations contained in ¶ 68 of Plaintiff's Complaint are intended to be directed at Defendants, Defendants deny same and demand strict proof thereof.

69. Defendants admit that the OSU College of Veterinary Medicine Student Handbook sets forth policies applicable to allegations of academic integrity violations, including the OSU Academic Integrity Policy, and that this Handbook applies to OSU students enrolled in the College of Veterinary Medicine. The OSU Academic Integrity Policy applies to all OSU students. Defendants admit that pursuant to an affiliation agreement between OSU and SMU, OSU agreed to provide clinical education to SMU veterinary medicine students by way of the Program, and that upon admission to the Program, the SMU students were considered to be and treated as OSU students. Any such

student admitted to the Program would thereby be subject to the policies contained in the OSU College of Veterinary Medicine Student Handbook. To the extent that Plaintiff alleges that this Handbook is applicable to other SMU students or OSU students not enrolled with the College of Veterinary Medicine, Defendants deny same and demand strict proof thereof.

70. Defendants admit OSU has an Academic Integrity Policy, and the policy address behaviors that violate the fundamental values of academic integrity, which includes the fabrication of information. Defendants also admit that the policy sets forth procedures to be followed when sufficient information is discovered to substantiate a violation of academic integrity. To the extent Plaintiff is suggesting Plaintiff was alleged to have been in violation of the OSU Academic Integrity Policy and/or the applicability of this policy, Defendants deny same and demand strict proof thereof.

71. Defendants admit that in cases in which a student has been alleged to have violated the OSU Academic Integrity Policy and the student's instructor recommends an academic sanction (admonition, Level one, Level two, Level three) be issued to the student, instructor and Academic Integrity Facilitator meet to discuss the alleged violation and recommended sanction. If the student admits responsibility for the violation but disagrees with the sanction or the student denies responsibility for the violation, the case is referred to the Academic Integrity Panel ("AIP"). Once the AIP makes a determination the student may appeal. To the extent Plaintiff is suggesting Plaintiff was alleged to have been in violation of the OSU Academic Integrity Policy and/or the applicability of this policy, Defendants deny same and demand strict proof thereof.

72.     Defendants admit that sections 3.02 and 3.03 of the OSU Academic Integrity Policy indicate that should a student appeal an alleged academic integrity violation, the student must obtain and complete the necessary appeal form and submit documentation in support of his or her appeal. The instructor then submits the necessary forms and sufficient information to substantiate the alleged violation of academic integrity and the recommended sanction and must make themselves available for hearing. Additionally, Defendants admit that section 6.03 of the OSU Academic Integrity Policy sets forth the rights afforded to students during an Academic Integrity hearing, which includes that the student may be accompanied by another person, may ask questions and may call witnesses. To the extent Plaintiff is suggesting Plaintiff was alleged to have been in violation of the OSU Academic Integrity Policy and/or the applicability of this policy, Defendants deny same and demand strict proof thereof.

73.     Defendants admit that sections 3.08 and 5.01 of the OSU Academic Integrity Policy provide the procedures by which a student may seek a final appeal of an academic integrity violation and sanction and that the Academic Integrity Appeal Panel will be composed of three (3) members of the AIP that were not involved in the case. To the extent Plaintiff is suggesting Plaintiff was alleged to have been in violation of the OSU Academic Integrity Policy and/or the applicability of this policy, Defendants deny same and demand strict proof thereof.

74.     Defendants deny the allegations contained in ¶ 74 of Plaintiff's Complaint, as Plaintiff was never alleged to have violated the OSU Academic Integrity Policy. Plaintiff's dismissal from the Program was pursuant to his academic deficiencies, not

academic integrity violations. To the extent Plaintiff is suggesting Plaintiff was alleged to have been in violation of the OSU Academic Integrity Policy and/or the applicability of this policy, Defendants deny same and demand strict proof thereof.

75. Defendants deny that any promises were made via the syllabus. The syllabus for each course and/or rotation, including the Anesthesiology rotation, sets forth the expectations for the course and/or rotation.

76. Defendants deny the allegations contained in ¶ 76 of Plaintiff's Complaint and demand strict proof thereof.

77. Defendants deny the allegations contained in ¶ 77 of Plaintiff's Complaint and demand strict proof thereof.

78. Defendants deny the allegations contained in ¶ 78 of Plaintiff's Complaint and demand strict proof thereof.

79. Defendants deny the allegations contained in ¶ 79 of Plaintiff's Complaint and demand strict proof thereof.

## DEMAND FOR JURY TRIAL

Defendants acknowledge Plaintiff's Demand for Jury Trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

Defendants deny that Plaintiff is entitled to judgment, relief and/or damages as set forth in the "Wherefore" clause and subsequent ¶¶ (1) – (4) of Plaintiff's Complaint.

## **MATTERS CONSTITUTING AN AVOIDANCE AND/OR AFFIRMATIVE DEFENSES**

1. Defendants are entitled to sovereign immunity pursuant to the Oklahoma Constitution and Oklahoma state law.

2. To the extent Plaintiff is asserting tort claims, Plaintiff did not comply with the terms and provisions of the Oklahoma Governmental Tort Claims Act.

3. To the extent Plaintiff is asserting tort claims, damages are limited by the terms and provisions of the Oklahoma Governmental Tort Claims Act.

4. Defendants deny the nature and extent of Plaintiff's alleged injuries and damages.

5. Any actions on the part of Defendants in regard to Plaintiff were justified.

6. Plaintiff has not been damaged or injured by any action or inaction of Defendants.

7. The claim may be time barred by the applicable statute of limitations and/or laches.

8. Plaintiff has mitigated his damages and/or failed to mitigate his damages.

9. To the extent Plaintiff seeks punitive damages, such punitive damages are not recoverable against Defendant under Oklahoma law because Defendant is an arm of the state of Oklahoma. "[P]unitive damages are not recoverable from the State of Oklahoma or any agency, board, or university thereof." *Duckett v. Cameron Univ.*, CIV-08-1386-R, 2009 WL 10671886, at *2 (W.D. Okla. Mar. 4, 2009) (citing 51 O.S. §§ 154(C), 152(12)).

10. Defendants reserve the right to amend and to assert additional affirmative defenses that are supported by information or facts obtained through discovery or other means in this case.

Respectfully submitted,

s/Clinton W. Pratt
Clinton W. Pratt, OBA #21329
Assistant General Counsel
Board of Regents for the Oklahoma
Agricultural and Mechanical Colleges
5th Floor, Student Union Building
Oklahoma State University
Stillwater, OK 74078-7044
(405) 744-6494/Fax: (405) 744-7998
clint.pratt@okstate.edu
**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of _____, _____, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

R. Jack Freeman
1861 East 71st Street
Tulsa, Oklahoma 74136
jack@lsh-law-firm.com

and

Jason J. Bach, Esq.
7881 W. Charleston Blvd., suite 165
Las Vegas, Nevada 89117
jbach@bachlawfirm.com
**ATTORNEYS FOR PLAINTIFF**

                                        s/Clinton W. Pratt