UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHAN RIVERA-PIEROLA,<br><br>*Plaintiff*,<br><br>v.<br><br>BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL AND MECHANICAL COLLEGES; STATE OF OKLAHOMA *ex rel.* OKLAHOMA STATE UNIVERSITY; and ST. MATTHEWS UNIVERSITY,<br><br>*Defendants*. | Civil Action No.: 5:21-cv-00616-PRW |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT
ST. MATTHEW'S UNIVERSITY, INC.'S MOTION TO DISMISS**

Plaintiff, Jonathan Rivera-Pierola ("Plaintiff"), respectfully submits this Memorandum in Opposition to the Motion to Dismiss (the "Motion") (Rec. Doc. 14) filed by Defendant St. Matthew's University, Inc. ("SMU").  As explained below, Plaintiff's Complaint contains well-pleaded allegations that properly plead claims for breach of contract and breach of the duty of good faith and fair dealing against SMU.  Accordingly, the Court should deny SMU's Motion.

**BACKGROUND**

Plaintiff commenced this litigation in June 2021 asserting contract-based claims against Defendants, Board of Regents for the Oklahoma Agricultural and Mechanical Colleges, State of Oklahoma *ex rel.* Oklahoma State University ("OSU"), and SMU.  (*See*

1

Rec. Doc. 1: Compl.)  Plaintiff's claims stem from arbitrary and discriminatory treatment he sustained during a clinical rotation at OSU.  (*Id.* ¶ 1.)

As alleged in Plaintiff's Complaint, SMU has an affiliation agreement in place with the OSU College of Veterinary Medicine ("CVM") clinical program, whereby SMU pays OSU to provide the SMU clinical program to SMU students, and SMU students become vested with certain rights and responsibilities imparted to all OSU students upon matriculation to the CVM Year IV clinical program.  (*See* Compl. ¶ 4.)  Plaintiff matriculated to SMU in 2017 and attended the veterinary program at SMU's Cayman Islands campus while he completed the classroom courses necessary to advance to Year IV status.  (*Id.* ¶ 10.) Following completion of his classroom courses, Plaintiff was enrolled in clinical rotations at OSU in the CVM Year IV program, as an affiliate SMU student. (*Id.* ¶ 11.)  As an affiliate student, Plaintiff became vested with certain rights and responsibilities imparted to all OSU students, pursuant to OSU's College of Veterinary Medicine Student Handbook (the "OSU Handbook").  (*Id.* ¶ 12.)  Moreover, SMU promises to provide oversight to SMU students in clinical rotations and pays its clinical sites, including OSU, to provide the required clinical program to SMU students, in accordance with SMU guidelines. (*Id.* ¶ 13.)

In February 2020, Plaintiff began his Community Practice rotation and, right from the beginning, observed that he, as a Latino male student, and the other male student in the rotation were being singled out for extra scrutiny and unwarranted and unduly harsh criticism from the preceptors compared to the other, female students in the rotation. (*Id.* ¶ 18.)  Indeed, throughout the rotation, the preceptors, Dr. Lara Sypniewski and Dr. Paul

2

DeMars, made numerous, baseless allegations against him and frequently accused him of lying, though he had simply followed instructions and abided by course guidelines. (*Id.* ¶ 19.) Due to a number of false allegations lodged against Plaintiff by the preceptors in several different situations, Plaintiff was not given a passing value for the rotation even though he otherwise would have passed the rotation. (*Id.* ¶¶ 20-31.) Tellingly, despite the allegations made against Plaintiff by the preceptors, no academic integrity complaint was filed, and Plaintiff never was provided an adequate opportunity to respond to or rebut the allegations that were the basis for his failing grade. (*Id.* ¶¶ 32-33.)

Instead, Plaintiff was contacted in mid-March 2020 and told that he would need to appear before the CVM's Professional Standards Committee ("PSC") for a dismissal hearing on March 18. (*Id.* ¶ 34.) Referral to the PSC is a purely academic review, in which the PSC may allow the student to address the PSC solely to present mitigating circumstances relating to the student's performance. (*Id.* ¶ 35.) PSC recommendations are based solely on PSC's consideration of extenuating or mitigating circumstances, and PSC does not consider validity of the grading and evaluation of the preceptors. (*Id.* ¶ 36.) Plaintiff met with the PSC and did his best to answer the questions posed, but he nonetheless ran out of time to fully explain what occurred and did not have an opportunity to present his defense. (*Id.* ¶ 37.) The PSC voted unanimously to dismiss Plaintiff, sending him a letter dated March 23, 2020, which stated as follows:

> The Professional Standards Committee, after meeting and deliberating on March 18th, recommended dismissal from the CVM professional program. This unanimous decision was based on repeated poor academic performance, lack of accountability for clinical errors in multiple rotations, recurrent unprofessional

> behavior, and inability to take constructive criticism to improve professional and clinical skills. The Committee did not find mitigating circumstances sufficient to explain the concerns above. The Committee's recommendation for dismissal has been accepted by the Dean. Per CVM policy, you may file a written appeal to the Dean within five working days of receipt of this letter.

Plaintiff filed a timely appeal with the Dean, hoping that by accepting responsibility for the issues identified by the PSC, he might avoid antagonizing the Dean, and also included a plan for improving his clinical performance. (*Id.* ¶ 41.) Plaintiff also mentioned that he had begun to receive counseling by an on-campus psychologist at OSU, in accordance with the Dean's recommendation to do the same. (*Id.* ¶ 42.) In the interim, as a result of the COVID-19 pandemic, OSU transitioned to fully virtual rotations, Plaintiff passed his small animal surgery rotation, and began his virtual anesthesiology rotation. (*Id.* ¶ 43.)

Two weeks into his three-week anesthesiology rotation, Plaintiff was informed that while the PSC decided to stand by its original decision, the Dean approved his appeal and he was permitted to stay in the program under Academic Suspension. (*Id.* ¶ 44.) However, if he received less than a C grade in any further rotations, he would be dismissed without any opportunity to appeal the grade or dismissal, despite OSU policies providing for appeals. (*Id.*) Soon thereafter, even though Plaintiff earned a grade of 79% in the clinical rotation, his exam score was lower due to instructional deficiencies, and he was given a D grade, which led to OSU informing Plaintiff that he was dismissed. (*Id.* ¶¶ 50-52.) Plaintiff was given no opportunity to appeal, and he was subsequently dismissed by SMU as well. (*Id.* ¶¶ 53-56.)

Based upon these factual allegations (as thoroughly detailed in the Complaint), Plaintiff asserts a claim for breach of contract and breach of the duty of good faith and fair dealing against SMU (and other defendants). (*Id.* ¶¶ 57-79.)  Plaintiff's claims are predicated upon the implicit duty of good faith and fair dealing contained in all contracts, including the OSU Handbook and SMU Handbook.  The SMU Handbook expressly provides that the faculty must review, grade, and test the students in a manner that is fair and reasonable.  (*Id.* ¶ 63.)  The SMU Handbook further gives students at least three levels of review when there is an academic grievance.  (*Id.* ¶ 64.)  SMU breached these obligations when it summarily dismissed Plaintiff after Plaintiff was subjected to unreasonable and unfair treatment by professors and preceptors as part of his clinical rotations.  These allegations and claims are sufficiently pleaded for purposes of Federal Rule of Civil Procedure 12(b)(6).

## **LEGAL STANDARD**

In analyzing a motion to dismiss under Rule 12(b)(6), the proper inquiry is whether the facts alleged, if true, entitle Plaintiff to some legal remedy. To survive a motion to dismiss for failure to state a claim, Plaintiff need only plead a cognizable legal theory, with facts sufficient to "raise a right to relief above a speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Allegations in the complaint are assumed to be true, and a "well-pleaded complaint may proceed even if it appears that 'a recovery is very remote and unlikely.'" *Id.*; *see Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

///

## ARGUMENT

In its Motion, SMU seeks the dismissal of Plaintiff's claims under Rule 12(b)(6), arguing that Plaintiff cannot maintain its breach of contract and breach of the duty of good faith and fair dealing claims against SMU. The elements of a contract claim under Oklahoma law are (1) formation of a contract, (2) breach of the contract, and (3) damages as a result of that breach. *See Cates v. Integris Health, Inc.*, 2018 OK 9, 412 P.3d 98, 103. In addition, every contract has an implied duty of good faith and fair dealing. *See Wathor v. Mutual Assur. Adm'rs, Inc.*, 2004 OK 2, 87 P.3d 559, 561.

SMU first argues that Plaintiff cannot maintain his contract claim against SMU because the terms of the SMU Handbook purportedly foreclose Plaintiff's claims. (Motion, at 6-7.) More particularly, SMU relies on a provision of the Handbook providing that affiliated clinical schools set their own academic standards and that the grading decisions of those affiliated clinic schools are final and not subject to appeal at SMU. (*Id.*) In making this argument, however, SMU flatly ignores the provisions of the SMU Handbook obligating SMU to fairly and reasonably grade, test, and evaluate its students. (*See* Compl. ¶¶ 63-64.) SMU also fails to appreciate the well-established principle of contract law requiring parties to act in good faith and fairly deal with the counterparty.

The allegations summarized above and detailed in Plaintiff's Complaint clearly set forth a claim that SMU neglected to act in good faith and deal fairly with Plaintiff in this context. Plaintiff has alleged that he was singled out and subjected to harassment, that he was not provided adequate opportunity to rebut allegations made against him, that he was given a failing clinical rotation grade due to inadequate clinical instruction, and that he was

6

not provide adequate opportunity to appeal OSU's dismissal decision. These allegations are accepted as true at this stage of the proceeding and show that Plaintiff has sufficiently alleged contract-based claims against SMU.

At most, SMU's reliance on certain provisions of the Handbook show that there are conflicting contractual provisions that simply cannot be resolved in the context of a Rule 12(b)(6) motion. *See Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also ADP, Inc. v. Utility Tri-States, Inc.*, 2006 WL 3373081, at *3 (N.D. Okla. Nov. 20, 2006) (denying motion to dismiss counterclaim for breach of contract when counter-defendant argued that certain contract provisions precluded recovery of counter-plaintiff and holding that these arguments went to the ultimate merits of the contract claim, not whether the claim was sufficient pleaded). Indeed, it is for the trier of fact to resolve any contractual ambiguities. And, this is particularly so given that Plaintiff has provided detailed factual allegations of the unfair and unreasonable treatment he received at the hands of the OSU faculty and clinical staff, all of which led to his improper and unfair dismissal from SMU.

SMU also argues that Plaintiff's claims are somehow barred by a waiver signed by Plaintiff, acknowledging the policies and procedures set forth in the SMU Handbook, including the provision in which affiliated schools set their academic grading standards. (Motion, at 7-9.) Again, at most, this creates a fact issue that cannot be resolved at the pleading stage in light of the conflicting contractual provisions. The part of the SMU

Handbook cited by SMU is contradicted (at least in this case) by the provisions requiring SMU to fairly and reasonable evaluate and grade veterinary students, such as Plaintiff. Moreover, the provision by which affiliated schools set their own academic standards must be evaluated in the context of the duty of good faith and fair dealing implicit in all contracts, including the SMU Handbook. Thus, Plaintiff's contract claims cannot be adjudicated in a vacuum in the manner suggested by SMU, but instead should be resolved upon considering all of the provisions of the SMU Handbook, including the duty on SMU to treat its students fairly and to evaluate and grade students in a fair and reasonable manner.

SMU further argues that Plaintiff did not cite specific provisions in the SMU Handbook to support Plaintiff's contract claims. Yet, the Complaint specifically alleges that SMU had the obligation to treat students fairly and to grade, review, and evaluate students in a fair and reasonable manner. (*See* Compl. ¶¶ 63-64.) At a minimum, this is implicit in the contract given SMU's duty of good faith and fair dealing. And, should the Court find there is any pleading insufficiency in this regard, Plaintiff respectfully requests leave to amend.

Finally, SMU argues that Plaintiff cannot maintain a claim for breach of the duty of good faith and fair dealing purportedly because he did not plead a special relationship between Plaintiff and SMU. But, as noted by SMU in its brief, the need to plead a special relationship exists for tort-based claims. Moreover, to the extent that the Court holds that Plaintiff has inadequately alleged contract claims against SMU or has neglected to plead a requisite special relationship, Plaintiff requests that the Court provide Plaintiff an

opportunity to amend the Complaint to cure any pleading defects particularly in light of SMU's unfair and unreasonable treatment of Plaintiff.

In short, Plaintiff has detailed a course of conduct by OSU clinical staff that was clearly improper, unfair, and unreasonable and that led to Plaintiff's dismissal. This conduct was in violation of the Handbook provisions that students be graded, tested, and reviewed in a fair and reasonable manner. The dismissal without an adequate appeal mechanism also violated Handbook provisions on academic grievances. That there are other provisions of the Handbook in which SMU purports to disclaim responsibility for the grading procedures of affiliated clinical schools does not justify dismissal at the pleading

///

///

stage. Accordingly, Plaintiff respectfully requests that the Court deny SMU's motion to dismiss.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant SMU's Motion to Dismiss in its entirety.

        Respectfully Submitted,

        **THE BACH LAW FIRM, LLC**

        By *Jason J. Bach*
           Jason J. Bach
           *Admitted Pro Hac Vice*
           7881 West Charleston Blvd., Suite 165
           Las Vegas, Nevada 89117
           Telephone: (702) 925-8787
           Facsimile: (702) 925-8788
           Email: jbach@bachlawfirm.com

                and

        **LEVINSON, SMITH & HUFFMAN, PC**
          R. JACK FREEMAN, OBA #3128
          1861 East 71st Street
          Tulsa, Oklahoma 74136
          Telephone: (918) 492-4433
          Facsimile: (918) 492-6224
          Email: jack@lsh-law.com

        *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2021, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

>Jennifer M. McCoy
>Kimberly F. Williams
>LOCKE LORD LLP
>2200 Ross Avenue, Suite 2800
>Dallas, TX 75201
>Jennifer.mccoy@lockelord.com
>kwilliams@lockelord.com
>
>Jeremy Tubb
>Emma J. Payne
>Courtney K. Warmington
>FULLER TUBB BICKFORD
>WARMINGTON & PANACH, PLLC
>201 Robert S. Kerr Avenue, Suite 1000
>Oklahoma City, OK 73102
>Jeremy.tubb@fullertubb.com
>Emma.payne@fullertubb.com
>Cwarmington@fullertubb.com
>Attorneys for Defendant St. Matthew University
>
>Clinton W. Pratt
>Gaylan Towle II
>Board of Regents for the Oklahoma
>Agricultural and Mechanical Colleges
>5th Floor, Student Union Building
>Stillwater, OK 74078
>Clint.pratt@okstate.edu
>Gaylan.towle@okstate.edu
>Attorneys for Defendants Board of Regents and
>the State of Oklahoma ex. rel. Oklahoma State University

       */s/ Jason J. Bach*
       Jason J. Bach