IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHAN RIVERA-PIEROLA,<br><br>　　Plaintiff,<br><br>v.<br><br>BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL AND MECHANICAL COLLEGES, STATE OF OKLAHOMA ex rel OKLAHOMA STATE UNIVERSITY, and ST MATTHEWS UNIVERSITY INC,<br><br>　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |  NO. CIV-21-616-PRW |

**DEFENDANT ST. MATTHEW'S UNIVERSITY, INC.'S
REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant St. Matthew's University, Inc. ("SMU") respectfully submits this Reply to Plaintiff Jonathan Rivera-Pierola's ("Plaintiff") Memorandum in Opposition to SMU's Motion ("Response") (ECF No. 20).

Plaintiff's Response does nothing to remedy the fatal flaws in his Complaint identified by SMU's Motion to Dismiss and Brief in Support (the "Motion) (ECF No. 14). For the reasons set forth below and in SMU's Motion, Plaintiff's claims against SMU should be dismissed.[1]

---

[1] Because Plaintiff cannot remedy the flaws in his Complaint, his claims against SMU should be dismissed with prejudice and without leave to amend.

A.     **Plaintiff's Allegations of Discrimination are Irrelevant to his Claims**

Plaintiff's claims against SMU rest entirely on SMU's Student Handbook (which, for purposes of its Motion only, SMU assumes, without admitting, constitutes a contract between SMU and Plaintiff).  *See generally* Compl.  Plaintiff alleges that SMU breached its contractual obligations set forth in the Handbook when it dismissed him based upon OSU CVM's decision to dismiss Plaintiff from its clinical program.  *See* Compl. at ¶ 68.

In his Response, Plaintiff attempts to muddy the waters surrounding his claims by detailing alleged discriminatory treatment he allegedly sustained as a student in OSU CVM's clinical rotation program.  *See* Resp. at pp. 2-3.  Notably, Plaintiff does not bring a claim for discrimination against either of the defendants in this case – much less assert that SMU would be vicariously liable for any alleged discrimination by OSU CVM or its faculty members.  *See generally* Compl.  Therefore, the harassment allegations are wholly irrelevant to Plaintiff's contract-based claims against SMU.

B.     **Plaintiff Claims Fail Because He Cannot Establish Breach**

As further explained in its Motion, SMU's Handbook specifically addresses the circumstances surrounding Plaintiff's claims – *i.e.*, when an affiliate school dismisses an SMU student from the clinical rotation program in which the student was placed during his last year of veterinary study.  *See* Mot. at pp. 6-9.  The dismissal decision is "***entirely within the purview of the affiliate school*** and is not subject to intervention by [SMU]."  *See* Mot. at its Ex. A at p. 28 (emphasis added).  Further, if a student is dismissed from the affiliate school's clinical rotation program, the student "is ***also*** dismissed from [SMU]" without an opportunity to appeal.  *Id* (emphasis added).

2

In an attempt to avoid these specific and straightforward Handbook provisions – as well as the waiver Plaintiff executed that reiterates them – Plaintiff contends the Handbook provisions conflict with the general Handbook language that states "Faculty must test, grade, and review student work in a manner that is fair and reasonable."[2] *See* Mot. at its Ex. B; Resp. at p. 8.  As an initial matter, this language is not applicable to the circumstances surrounding Plaintiff's claims – as it is OSU CVM's faculty rather than SMU's faculty that is responsible for testing, grading, and reviewing Plaintiff's work during his clinical rotations at OSU CVM.  *See* Mot. at its Ex. A at p. 28.

Even assuming that the language on which Plaintiff relies is applicable (which it is not), it is well-settled that specific language in a contract controls over more general language and, where the two conflict, the specific provision trumps or qualifies the meaning of the more general provision.  *See, e.g., Level 3 Commc'ns, LLC v. Liebert Corp.*, 535 F.3d 1146, 1154 (10th Cir. 2008)*; ConcealFab Corp. v. Sabre Indus., Inc.*, 15-CV-01793-CMA-KLM, 2019 WL 3282966, at *11 (D. Colo. July 22, 2019), *amended, Concealfab Corp. v. Sabre Indus., Inc*., 15-CV-01793-CMA-KLM, 2020 WL 607070 (D. Colo. Feb. 7, 2020); MBIA Ins. Corp. v. Patriarch Partners VIII, LLC*, 2012 WL 382921, at *6 (S.D.N.Y. Feb. 6. 2012).  Therefore, students cannot employ the general (and, indeed, subjective) Handbook language stating faculty shall grade their work "fairly" to challenge any decision with which a student disagrees – especially when other specific provisions in

---

[2] As further explained in SMU's Motion, this provision is too vague to support a breach of contract claim.  *See* Motion at n. 3, p. 10.

the same Handbook *specifically address* the applicable issue.  *See* Mot. at its Ex. A at p. 28, Ex. B.

Moreover, Plaintiff's proposed interpretation of the Handbook would render the waiver and specific provisions addressing clinical rotations at affiliate schools meaningless – a result which is to be avoided in contract interpretation.  *See, e.g., United States v. Brye,* 146 F.3d 1207, 1211 (10th Cir. 1998) ("Therefore, interpreting the plea agreement as the government urges renders part D superfluous, which is obviously not in accord with general principles of contract law."); *Bolsa Res., Inc. v. AGC Res., Inc.*, 11-CV-01293-MSK-KMT, 2011 WL 6370409, at *9 (D. Colo. Dec. 20, 2011) (rejecting plaintiff's interpretation because it would "render meaningless the first two sentences [of the contract] and is contrary to the general principle of contract interpretation that specific clauses control over general") (internal citations omitted); *Café Rio, Inc. v. Larkin-Gifford-Overton LLC*, 207 P.2d 1235, 1241 (Utah 2009) ("We will not interpret a general contractual term such that it renders an explicit right meaningless.").  Thus, applying the well-established principles of contract law, it is clear that the language of the Handbook directly contradicts Plaintiff's breach of contract claim.

Plaintiff's attempt to rely on the duty of good faith and fair dealing to challenge a decision that clearly complies with the terms of the alleged contract is similarly flawed and should be dismissed for the reasons set forth in SMU's Motion.  *See* Motion at pp. 10-12.

In sum, Plaintiff cannot point to any breach of contract by SMU, and his claims against SMU fail as a result.

## C. Conclusion

As a matter of law, the allegations in the Complaint do not state a cognizable claim for relief against SMU. Accordingly, Plaintiff's claims against SMU should be dismissed.

Respectfully submitted,

*/s/ Kimberly F. Williams*
Kimberly F. Williams (appearing *pro hac vice*)
kwilliams@lockelord.com
Jennifer M. McCoy (appearing *pro hac vice*)
jennifer.mccoy@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000
F: (214) 740-8800

and

Jeremy Tubb, OBA #16739
jeremy.tubb@fullertubb.com
Courtney K. Warmington, OBA #18486
cwarmington@fullertubb.com
Emma J. Payne, OBA #32849
emma.payne@fullertubb.com
**FULLER TUBB BICKFORD WARMINGTON & PANACH, PLLC**
201 Robert S. Kerr Avenue, Suite 1000
Oklahoma City, Oklahoma 73102
T: (405) 235-2575
F: (405) 232-8384

**ATTORNEYS FOR DEFENDANT
ST. MATTHEW'S UNIVERSITY, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent via ECF electronic service on this 1st day of November 2021, to the following counsel of record:

R. Jack Freeman  
jack@lsh-law-firm.com

Jason J. Bach  
jbach@backlawfirm.com

*/s/ Kimberly F. Williams*  
Kimberly F. Williams

100033373v.2