# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHAN RIVERA-PIEROLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-00616-PRW |
| ) | |
| BOARD OF REGENTS FOR THE ) | |
| OKLAHOMA AGRICULTURAL AND ) | |
| MECHANICAL COLLEGES, STATE OF ) | |
| OKLAHOMA ex rel. OKLAHOMA ) | |
| STATE UNIVERSITY, and ST. ) | |
| MATTHEW'S UNIVERISTY, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant St. Matthew's University's Motion to Dismiss (Dkt. 14), Plaintiff Rivera-Pierola's response, styled "Memorandum in Opposition" (Dkt. 20), and St. Matthew's University's Reply in Support of Motion to Dismiss (Dkt. 21). In this case, Rivera-Pierola has alleged a breach of contract claim against St. Matthew's University predicated on provisions of St. Matthew's University's Student Handbook. St. Matthew's University has moved to dismiss, claiming that the Student Handbook does not create a contract and that there was no breach of any contract.

This case comes before the Court via the Court's diversity jurisdiction. When sitting in diversity, the Court "must apply the substantive law of the state in which it sits, including

1

the forum state's choice-of-law rules."[1] This Court therefore applies Oklahoma's choice-of-law rules.[2] In Oklahoma, "the established choice-of-law rule in contract actions known as *lex loci contractus* is that, unless the contract terms provide otherwise, the nature, validity, and interpretation of a contract are governed by the law *where the contract was made*."[3]

Upon review of the Complaint (Dkt. 1) and the filings pertaining to the motion, the Court observes that Rivera-Pierola is a citizen of the state of Florida, St. Matthew's University is located in the Grand Caymen Islands, and there is no indication Rivera-Pierola entered the state of Oklahoma prior to 2019 when beginning affiliate student studies at Oklahoma State University. Under these facts, the Court observes that the alleged contract between Rivera-Pierola and St. Matthew's University may not have been made within the state of Oklahoma and thus another jurisdiction's law of contracts may be required by Oklahoma's choice-of-law rule.

The Court therefore **ORDERS** the Plaintiff Rivera-Pierola and Defendant St. Matthew's University to submit supplement briefings regarding where the alleged contract Rivera-Pierola and St. Matthew's University was made and what jurisdiction's law of contracts should apply to the validity and interpretation of the alleged contract. This

---

[1] *Boyd Rosen & Assocs., Inc. v. Kansas Mun. Gas Agency*, 123 F.3d 1351, 1352–53 (10th Cir. 1997).

[2] *Shearson Lehman Bros., Inc. v. M & L Invs.*, 10 F.3d 1510 (10th Cir. 1993).

[3] *Harvell v. Goodyear Tire & Rubber Co.*, 2006 OK 24, ¶ 14, 164 P.3d 1028, 1033–34 (second emphasis added); *see also Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1236 (10th Cir. 2007).

supplement briefing should address only this identified issue, should be submitted within seven (7) days of this order, and should be limited to no more than five (5) pages. The parties may submit a joint supplement brief if they agree where the alleged contract was made and what jurisdiction's law of contracts should be applied.

**IT IS SO ORDERED** this 4th day of November 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE