# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHAN RIVERA-PIEROLA,<br><br>*Plaintiff*,<br><br>v.<br><br>BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL AND MECHANICAL COLLEGES; STATE OF OKLAHOMA *ex rel.* OKLAHOMA STATE UNIVERSITY; and ST. MATTHEWS UNIVERSITY, INC.,<br><br>*Defendants*. | Civil Action No.:  5:21-cv-00616-PRW |

## JOINT STATUS REPORT AND DISCOVERY PLAN

**Date of Conference:  August 2, 2022**

**Appearing for Plaintiff:**
Jason J. Bach, Esq.
**THE BACH LAW FIRM, LLC**
(Admitted *Pro Hac Vice*)
7881 West Charleston Blvd., Suite 165
Las Vegas, Nevada 89117
Telephone: (702) 925-8787
Facsimile: (702) 925-8788
Email: jbach@bachlawfirm.com
and
**LEVINSON, SMITH & HUFFMAN, PC**
R. JACK FREEMAN, OBA #3128
1861 East 71st Street
Tulsa, Oklahoma 74136
Telephone: (918) 492-4433
Facsimile: (918) 492-6224
Email: jack@lsh-law.com
*Attorneys for Plaintiff Jonathan Rivera-Pierola*

1

**Appearing for Defendant:**
   Clinton W. Pratt
   Gaylan Towle II
   Board of Regents for the Oklahoma
   Agricultural and Mechanical Colleges
   5th Floor, Student Union Building
   Stillwater, OK 74078
   clint.pratt@okstate.edu
   gaylan.towle@okstate.edu
   *Attorneys for Defendants Board of Regents and*
   *the State of Oklahoma ex rel. Oklahoma State University*

**Jury Trial Demanded** ☒   **- Non-Jury Trial** ☐

1.  **BRIEF PRELIMINARY STATEMENT**.  State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    **Plaintiff**:

    Plaintiff, Jonathan Rivera-Pierola, is seeking damages and injunctive relief for breaches of contract by the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges (the "<u>BOARD</u>"), State of Oklahoma, ex rel. Oklahoma STATE University ("<u>OSU</u>," and together with the Board, the "<u>OSU DEFENDANTS</u>"), and St. Matthew University ("<u>SMU</u>") that occurred while Plaintiff was an SMU veterinary student completing clinical rotations at OSU's College of Veterinary Medicine ("<u>CVM</u>"). Plaintiff was subject to arbitrary and discriminatory treatment during a rotation, subject to false accusations of lying and dishonestly and penalized in his grading without opportunity to defend himself, and then, following a virtual rotation that failed to provide promised instruction for the scheduled length of time, dismissed from OSU and ultimately from SMU as well.  These actions were in breach of Plaintiff's contracts with OSU and SMU. Accordingly, he now petitions this Court for redress in the form of injunctive relief, damages, and costs for breach of contract.

    On June 15, 2021, Plaintiff filed his Complaint [Docket No. 1].  On October 04, 2021, OSU Defendants filed their Answer to Plaintiff's Complaint [Docket No. 10].  Also on October 04, 2021, SMU filed their Motion to Dismiss and Brief in Support [Docket No. 14].  On October 25, 2021, Plaintiff filed his Memorandum in Opposition to Defendant St. Matthew University's Motion to Dismiss [Docket No. 20]. On November 01, 2021, SMU filed it's Reply in Support of its Motion to Dismiss [Docket No. 21].  On November 4, 2021, the Court issued an Order directing the parties to file their

supplemental briefing regarding where the alleged contract Plaintiff and SMU was made and what jurisdiction's law of contracts should apply to the validity and interpretation of the alleged contracts. [Docket No. 22]. On November 11, 2021, SMU filed their Supplement to its Motion to Dismiss [Docket No. 23]. On November 12, 2021, Plaintiff filed his Supplemental Memorandum. [Docket No. 24]. On May 13, 2022, the Court issued an Order Granting SMU's Motion to Dismiss and Brief in Support [Docket No. 25].

**Defendants**:

Plaintiff was a student of the veterinary medicine program at SMU, located in the Cayman Islands. Pursuant to an affiliation agreement between SMU and OSU, some SMU veterinary medicine students were allowed to participate in the OSUCVM Year IV clinical program (the "Program"), which provided those students an opportunity to complete required clinical rotations at OSU. Students participating in the Program by way of this agreement were at all times students of SMU and, upon successful completion of clinical rotations, received their degree from SMU.

Plaintiff was admitted to the Program and began clinical rotations at OSU in the fall of 2019. Almost immediately, Plaintiff began displaying academic deficiencies. During his Small Animal Internal Medicine rotation—Plaintiff's first rotation at OSU—Plaintiff received a grade of "D." OSU policy provides that all grades of "D" or "F" received during a student's clinical rotation be reported to the Professional Standards Committee (the "PSC"), which has the discretion to make recommendations regarding said student. In Plaintiff's case, the PSC unanimously decided Plaintiff should be given the opportunity to repeat the SAIM rotation. Additionally, the PSC determined Plaintiff was to be placed on academic probation; whereby, if Plaintiff received an additional grade of "D" or "F" during the remaining clinical year, he could be subject to dismissal from the Program. OSU advised Plaintiff as to ways he could improve his performance.

During the same clinical year, Plaintiff received a grade of "D" for his Community Practice rotation. In March of 2020, the PSC met to discuss Plaintiff's receipt of two (2) "D" grades within his first clinical year. During this meeting, Plaintiff was allowed to present any mitigating circumstances that potentially contributed to his poor academic performance and to propose a compelling plan to improve his performance in clinical rotations. After the meeting and deliberations, the PSC reached the unanimous determination that Plaintiff should be dismissed from the Program due to Plaintiff's repeated poor academic performance, lack of accountability for clinical errors during multiple rotations, recurrent unprofessional behavior, and inability to take constructive criticism. The Dean of the College of Veterinary Medicine, Dr. Carlos Risco (the "Dean"), accepted this recommendation.

Upon notification of the dismissal, OSU advised Plaintiff he may submit a written appeal to the Dean, which he elected to do. In his appeal, Plaintiff requested the PSC consider the information and materials contained within and accompanying his written appeal, which included a plan to improve his professional demeanor and performance in his clinical rotations. The PSC reconvened to consider this appeal and ultimately stood by its decision to dismiss Plaintiff from the Program.

However, when presented with the PSC's decision, the Dean elected to deviate from the PSC's recommendation and allowed Plaintiff to remain in the Program. The Dean's decision to do so required Plaintiff's acceptance of certain conditions, including being placed on academic probation for the duration of the clinical year, which specified that if Plaintiff failed to earn a grade of "C" or higher for any rotation(s) within the clinical year, he would be dismissed from the Program without PSC review. Plaintiff agreed to these terms, and he was allowed to continue in the Program.

In April, Plaintiff received a grade of "D" in his Anesthesiology rotation—Plaintiff's third grade of "D" during his first clinical year—and on April 21, 2020, OSU notified Plaintiff in writing that he was dismissed from the Program due to violating the terms of his academic probation.

Plaintiff filed his Complaint on June 15, 2021, alleging Plaintiff's dismissal from the Program constituted a breach of contract. *See* Dkt. No. 1. OSU (and the Board) filed an Answer to Plaintiff's Complaint on October 4, 2021. *See* Dkt. No. 10.

2. **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

This Court has jurisdiction over the claims set forth in this action pursuant to 28 U.S.C. § 1332 (diversity of citizens) because the parties are diverse and the amount in controversy exceeds $75,000.00.

Venue in this jurisdiction is proper pursuant to 28 U.S.C. § 1391(b), as Defendants are located in this District or have significant contacts to this District, and all of the events giving rise to Plaintiff's claims occurred therein.

All conditions precedent to the maintenance of this suit and Plaintiff's claims have occurred, been performed or otherwise waived.

Defendants do not object as to jurisdiction and/or venue.

3.  **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

    1.  Jurisdiction in this case is proper.
    2.  Venue in this case is proper.
    3.  Defendant, State of Oklahoma *ex rel*. Board of Regents of the University of Oklahoma, is a constitutionally created state entity of the State of Oklahoma.
    4.  Plaintiff matriculated to SMU in 2017 and attended the veterinary program at SMU's Cayman Islands campus while he completed the classroom courses necessary to advance to Year IV status.
    5.  In September 2019, following completion of his classroom courses, Plaintiff was enrolled in clinical rotations at OSU in the CVM Year IV program, as an affiliate SMU student.
    6.  On April 21, 2020, OSU informed Plaintiff he was dismissed from the OSU CVM Year IV program.

4.  **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a.  **Plaintiff:**

    Plaintiff has brought claims against OSU for Breach of Contract and the Duty of Good Faith and Fair Dealing.

    Plaintiff is seeking (i) general and compensatory damages in excess of $75,000, (ii) injunctive and declaratory relief necessary to obtain readmission to OSU's CVM program and SMU's program free from the Defendants' breaches of their respective contracts and for an order forbidding all Defendants from further perpetuating any subsequent breach, (iii) pre-judgment and post-judgment interest, and (iv) further legal and equitable relief as this Court deems necessary, just and proper.

    Plaintiff intends to retain an expert witness to compile and calculate his financial damages.  Plaintiff will disclose any completed expert witness reports upon receipt and within the deadlines set by this court.

    b.  **Defendants**:

    Defendants seek the dismissal of all claims and/or causes of action presented by Plaintiff. At this juncture, Defendants do not affirmatively seek damages in this matter. However, Defendants will seek to recover their costs, expenses, and attorneys' fees, as

allowable by law. The extent of these costs, fees, and expenses are not presently known. In addition, Defendants currently raise the following affirmative defenses but have reserved the right to amend and to assert additional affirmative defenses that are supported by information or facts obtained through discovery or other means in this case:

1. Defendants are entitled to sovereign immunity pursuant to the Oklahoma Constitution and Oklahoma state law.

2. To the extent Plaintiff is asserting tort claims, Plaintiff did not comply with the terms and provisions of the Oklahoma Governmental Tort Claims Act.

3. To the extent Plaintiff is asserting tort claims, damages are limited by the terms and provisions of the Oklahoma Governmental Tort Claims Act.

4. Defendants deny the nature and extent of Plaintiff's alleged injuries and damages.

5. Any actions on the part of Defendants in regard to Plaintiff were justified.

6. Plaintiff has not been damaged or injured by any action or inaction of Defendants.

7. The claims and/or causes of action may be time barred by the applicable statute of limitations and/or laches.

8. Plaintiff has mitigated his damages and/or failed to mitigate his damages.

9. To the extent Plaintiff seeks punitive damages, such punitive damages are not recoverable against Defendants under Oklahoma law because Defendants are an arm of the state of Oklahoma.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

☐ Yes     ☒ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

There are no pending motions before the court, however, Defendants anticipate filing a Motion for Summary Judgment with accompanying briefs, seeking the dismissal of each of Plaintiff's claims and/or causes of action. Plaintiff may file a Motion for Leave to File Amended Complaint, but that is currently undetermined. The parties may also file all necessary procedural- and/or discovery-related motions, as well as motions *in limine*, as appropriate. Motions will be filed prior to the deadline as set forth in the Scheduling Order entered by the Court.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes   ☒ No
If "no," by what date will they be made? July 26, 2022

8. **PLAN FOR DISCOVERY**.

    A. The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on July 7, 2022.

    B. The parties anticipate that discovery should be completed within nine (9) months.

    C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? The parties anticipate approximately three (3) months. The parties would like to complete written discovery before attending a settlement conference.

    D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?
    ☒ Yes        ☐ No

    E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?
    ☒ Yes        ☐ No

    To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that

7

   the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

  F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

   None. No protective order is currently planned.

9. **ESTIMATED TRIAL TIME**: 3-4 days

10. **BIFURCATION REQUESTED**: ☐ Yes   ☒ No

11. **POSSIBILITY OF SETTLEMENT**:   ☐ Good   ☒ Fair   ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

  A. Compliance with LCvR 16.1(a)(1) - ADR discussion: ☒ Yes   ☐ No

  B. The parties request that this case be referred to the following ADR process:

   ☒ Court-Ordered Mediation subject to LCvR 16.3
   ☐ Judicial Settlement Conference
   ☐ Other _____
   ☐ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?   ☐ Yes   ☒ No

14. Type of Scheduling Order Requested. ☒ Standard - ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 22nd day of July, 2022.

             */s/ Jason J. Bach*
             Jason J. Bach, Esq.
             **THE BACH LAW FIRM, LLC**
             (Admitted *Pro Hac Vice*)
             7881 West Charleston Blvd., Suite 165

>Las Vegas, Nevada 89117
>Telephone: (702) 925-8787
>Facsimile: (702) 925-8788
>Email: jbach@bachlawfirm.com
>and
>**LEVINSON, SMITH & HUFFMAN, PC**
>R. JACK FREEMAN, OBA #3128
>1861 East 71st Street
>Tulsa, Oklahoma 74136
>Telephone: (918) 492-4433
>Facsimile: (918) 492-6224
>Email: jack@lsh-law.com
>*Attorneys for Plaintiff Jonathan Rivera-Pierola*


> /s/ Clinton W. Pratt
>Clinton W. Pratt
>Gaylan Towle II
>Board of Regents for the Oklahoma
>Agricultural and Mechanical Colleges
>5th Floor, Student Union Building
>Stillwater, OK 74078
>clint.pratt@okstate.edu
>gaylan.towle@okstate.edu
>*Attorneys for Defendants Board of Regents and the State of Oklahoma ex rel. Oklahoma State University*