## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JONATHAN RIVERA-PIEROLA,

    *Plaintiff,*

 v.

BOARD OF REGENTS FOR THE
OKLAHOMA AGRICULTURAL AND
MECHANICAL COLLEGES; STATE OF
OKLAHOMA *ex rel.* OKLAHOMA
STATE UNIVERSITY; and ST.
MATTHEWS UNIVERSITY, INC.,

    *Defendants.*

Civil Action No.:  5:21-cv-00616-PRW

## DEFENDANTS' RESPONSES TO PLAINTIFF'S
## FIRST SET OF INTERROGATORIES

   Defendants the Board of Regents for the Oklahoma Agricultural and Mechanical

Colleges (the "Board") and Oklahoma State University ("OSU") (collectively hereinafter

referred to as "Defendants") submit the following Defendants' Responses to Plaintiff's

First Set of Interrogatories:

## GENERAL OBJECTIONS

1.  Defendants object to Plaintiff Jonathan Rivera-Pierola's ("Plaintiff's") discovery

requests to the extent they are not: relevant to the subject matter involved in the pending

action, related to the claim(s) or defense(s) of the parties, or calculated to lead to the

discovery of admissible evidence.

**Exhibit 12**

2.     Defendants object to the disclosure of any information that was prepared in anticipation of or for litigation by or for them or any of their representatives or that is otherwise beyond the permissible scope of discovery.

3.     Defendants reserve the right, as additional information is discovered, analyzed or made available during discovery in the course of the proceedings, to supplement and/or revise these responses.

4.     Defendants object to Plaintiff's discovery requests to the extent they misstate or seek to impose obligations or requirements upon Defendant greater than those imposed by applicable law.

5.     Defendants object to Plaintiff's discovery requests to the extent they seek or call for information which is protected from discovery and privileged by reason of (a) the attorney-client privilege, (b) the "work product" doctrine, (c) the "trial preparation" doctrine, or (d) any other applicable discovery rule or privilege.

6.     Defendants object to any discovery request by Plaintiff that purports to require the creation of documents which do not exist.

7.     Each of the following answers is made without waiving any objections Defendants may have with respect to the subsequent use of these answers, or the documents referred to herein.  Defendants specifically reserve (a) all questions as to the competency, privilege, relevancy, materiality, and admissibility of said answers and responses or documents, (b) the right to object to the use of said answers or documents in any lawsuit or proceeding on any or all of the foregoing grounds or on any other proper ground, (c) the right to object on any and all proper grounds, at any time, to other discovery

procedures involving or related to said answers or documents, and (d) the right, at any time, upon proper showing, to revise, correct or clarify any of the following objections or answers.

---

## INTERROGATORIES

### INTERROGATORY NO. 1:

*Identify all persons answering or assisting in the answering of these interrogatories. For each person identified, specify which interrogatory or interrogatories each person answered or assisted in answering.*

### RESPONSE TO INTERROGATORY NO. 1:

In response to Plaintiff's Interrogatory No. 1, Defendants state as follows:

- Dr. Carlos Risco
  Dean of the College of Veterinary Medicine
  Oklahoma State University
  200B McElroy Hall
  Stillwater, OK 74078
  (405)744-6651

- Dr. Lara Sypniewski
  College of Veterinary Medicine
  Oklahoma State University
  Veterinary Teaching Hospital
  Stillwater, OK 74078
  (405)744-7305

- Dr. Margi Gilmour
  Associate Dean of Academic Affairs (retired)
  College of Veterinary Medicine
  Oklahoma State University
  208 N. McFarland
  Stillwater, OK 74078
  (405)744-6595

- Dr. Stefano DiConcetto
  Anesthesiology Instructor (no longer employed at OSU)
  College of Veterinary Medicine
  Oklahoma State University

- Clint Pratt
  Associate General Counsel
  Board of Regents for the Okla. A&M Colleges
  5th Floor, Student Union
  Stillwater, OK 74078
  (405) 744-4432

**INTERROGATORY NO. 2:**

Please identify by name and address each and every person who Defendants have reason to believe may be a witness called by them at trial of this matter or who has personal knowledge of Plaintiff's claims.  For each person so listed, provide a statement in narrative form describing the nature and substance of the proposed testimony of the witness and/or the personal knowledge of the individual(s).

**RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Plaintiff's Interrogatory No. 2 as being a vague and an overly broad interrogatory. Subject to and without waiving these objections, Defendants state as follows: At this time, all individuals believed to have personal knowledge of Plaintiff's claims and/or whom may be called as witnesses are listed in Defendants' Initial Disclosures, pgs. 1 – 7.

**INTERROGATORY NO. 3:**

If you, your attorney, or anyone acting on behalf of you or your attorney, has

*obtained statements, declarations or admissions in any form from any individual pertaining to any fact related to this lawsuit, please identify by name, mailing address, telephone number and email address the individual making such statement, declaration, and/or admission, and state the substance of such statement, declaration, and/or admission.*

## RESPONSE TO INTERROGATORY NO. 3:

Defendants object to Plaintiff's Interrogatory No. 3 as being a vague and an overly broad interrogatory. Additionally, Defendants object to the extent the Interrogatory seeks information protected by the attorney-client and/or attorney work product privilege(s). Subject to and without waiving these objections, Defendants state as follows: To Defendants' knowledge, no such statements, declarations and/or admissions have been obtained regarding this lawsuit.

## INTERROGATORY NO. 4:

*Please describe every document, which was examined or consulted by Defendants, their representative(s) or attorney(s) in preparing answers to these Interrogatories, and indicate the name, mailing address, telephone number and email of the custodian of each of those document(s).*

## RESPONSE TO INTERROGATORY NO. 4:

Defendants object to Plaintiff's Interrogatory No. 4 as being a vague and an overly broad interrogatory. Additionally, Defendants object to the extent the Interrogatory seeks information protected by the attorney-client and/or attorney work product privilege(s).

Subject to and without waiving these objections, Defendants state as follows: All documents examined or consulted in preparing responses to Plaintiff's Interrogatories have been or will be produced pursuant to Defendants' Initial Disclosures and/or Defendants' Responses to Plaintiff's Requests for Production.

**INTERROGATORY NO. 5:**

*Please identify any and all written statements, including emails, internal memoranda, notes, letters, text messages, and the like, concerning Plaintiff, which were made or received by OSU Defendants, any Oklahoma State University employee(s) and/or individual acting on the behalf of Oklahoma State University.*

**RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Plaintiff's Interrogatory No. 5, as it is an overly broad, unreasonably cumulative, duplicative, unduly burdensome and omnibus interrogatory. Subject to and without waiving these objections, Defendants refer Plaintiff to documents produced in response to Plaintiff's Request for Production No. 9.

**INTERROGATORY NO. 6:**

*Please identify any and all written statements, including emails, internal memoranda, notes, letters, text messages, and the like, between SMU and OSU Defendants, including any Oklahoma State University employee(s) and/or individual acting on the behalf of Oklahoma State University, regarding Plaintiff.*

**RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to Plaintiff's Interrogatory No. 6, as it is a vague and an overly

6

broad interrogatory. Subject to and without waiving these objections, Defendants refer Plaintiff to documents produced in response to Plaintiff's Requests for Production Nos. 2, 3, 8, 33 and 34.

**INTERROGATORY NO. 7:**

*Please identify any and all written statements, including emails, internal memoranda, notes, letters, text messages, and the like, concerning Plaintiff's conduct and disciplinary procedures taken as a result thereof at OSU.*

**RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to Plaintiff's Interrogatory No. 7, as it is a vague and an overly broad interrogatory. Furthermore, Defendants object to Plaintiff's Interrogatory No. 7 to the extent it requires the adoption of an assumption that is improper, i.e., Plaintiff was subject to a disciplinary process due to his conduct. Subject to and without waiving these objections, Defendants state as follows: Defendants are unaware of any alleged conduct violations or any disciplinary procedures to which Plaintiff was subjected. Plaintiff was placed on academic probation and academic suspension before being dismissed from the OSU College of Veterinary Medicine ("CVM"). Those processes were related to Plaintiff's failure to meet Program academic and/or professional standards – not Plaintiff's conduct. Therefore, Defendants are unaware of any documents responsive to Plaintiff's Interrogatory No. 7.

**INTERROGATORY NO. 8:**

*Please identify any and all written statements, including emails, internal*

*memoranda, notes, letters, text messages, and the like, to or from preceptor Dr. Lara*

*Sypniewski concerning Plaintiff, including, but not limited to, any paperwork,*

*discharge notes and/or evaluation(s), submitted during Plaintiff's Community Practice*

*rotation.*

**RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to Plaintiff's Interrogatory No. 8, as it is a vague and an overly broad interrogatory. Subject to and without waiving these objections, Defendants refer Plaintiff to documents produced in response to Plaintiff's Request for Production No. 13.

**INTERROGATORY NO. 9:**

*Please identify any and all written statements, including emails, internal*

*memoranda, notes, letters, text messages, and the like, to or from preceptor Dr. Paul*

*Demars concerning Plaintiff, including, but not limited to, any paperwork, discharge*

*notes and/or evaluation(s), submitted during Plaintiff's Community Practice rotation.*

**RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to Plaintiff's Interrogatory No. 9, as it is a vague and an overly broad interrogatory. Subject to and without waiving these objections, Defendants refer Plaintiff to documents produced in response to Plaintiff's Request for Production No. 14.

**INTERROGATORY NO. 10:**

*Please state the complete factual basis for OSU requesting that Plaintiff appear*

*before the CVM's Professional Standards Committee for a dismissal hearing on March*

*18, 2020.*

**RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to Plaintiff's Interrogatory No. 10 as being a vague and an overly broad interrogatory. Subject to and without waiving these objections, Defendants state as follows: Plaintiff received a grade of D for his first rotation at OSU, Small Animal Internal Medicine. On October 3, 2019, a letter was issued to Plaintiff from Margi Gilmour, Associate Dean for Academic Affairs ("Gilmour"), indicating the CVM Professional Standards Committee ("PSC") received notice of Plaintiff's grade of D (Board00089), pursuant to the Academic Standards policy found in the OSU CVM Student Handbook (Board00247). Plaintiff was advised the PSC had voted to allow him to repeat the rotation and pursuant to academic policy, his grade of D placed him on academic probation (Board00089; Board00250). Furthermore, Plaintiff was advised that receiving a second grade of D or F may result in "dismissal, remediation before being allowed to continue in the curriculum, or scheduling remediation of the failed rotation and continuing rotations." (*Id.*).

Less than six (6) months later, Plaintiff received a grade of D in his Community Practice rotation. As this was his second grade of D and carried an increased potential for more serious consequences, Plaintiff was allowed to meet with the PSC to provide his insight/explanation for why he had repeatedly failed to meet the CVM minimum academic standards (Board00250). Plaintiff agreed to do so, and after conferring with Gilmour a week earlier in preparation for the meeting, met with the PSC on March 18, 2020.

**INTERROGATORY NO. 11:**

*Please state the complete factual basis for OSU's dismissal of Plaintiff, and please describe any and all investigation and/or fact finding undertaken by OSU prior to his dismissal.*

**RESPONSE TO INTERROGATORY NO. 11:**

Defendants incorporates herein their Response to Plaintiff's Interrogatory No. 10 above, including all objections therein and further state as follows: In a letter dated March 23, 2020, Gilmour advised Plaintiff the PSC had recommended Plaintiff's dismissal from the CVM. The letter referenced the PSC's recommendation had been unanimous and cited Plaintiff's "repeated poor academic performance, lack of accountability for clinical errors in multiple rotations, recurrent unprofessional behavior, and inability to take constructive criticism to improve professional and clinical skills" as the basis for their decision (Board00090). The PSC found no mitigating circumstances to explain the listed concerns, and their recommendation of dismissal was accepted by Dean Risco. (*Id.*). However, the letter also advised Plaintiff of his right to appeal the decision by filing a written appeal to Dean Risco. (*Id.*).

Plaintiff filed an appeal, and the PSC met on April 3, 2020, to reconsider Plaintiff's dismissal (Board00091, Board00280). Plaintiff acknowledged several areas of necessary improvement (e.g., communication, case preparation, patient care, professional ethical behavior); however, the PSC did not find the appeal persuasive and elected to stand on their initial recommendation of dismissal (Board00091).

Despite the PSC's recommendation, Dean Risco, pursuant to the discretion afforded him in the OSU CVM Academic Standards policy, decided to allow Plaintiff an opportunity to remain enrolled in the CVM program (Board00253 – 254). In a letter dated April 6, 2020, Dean Risco informed the PSC of his decision and set forth the specific conditions under which Plaintiff would be allowed to proceed (Board00092 – 93).

In a letter dated April 6, 2020, Gilmour advised Plaintiff of the Dean's deviation from the recommendation of the PSC. Plaintiff was advised he would be allowed to continue in the CVM program under academic suspension (Board00094). As one of the listed conditions of Plaintiff's academic suspension, he was placed on academic probation for the duration of the clinical year, and Plaintiff's failure to receive a grade of C or higher for any rotation during the remaining clinical year would result in his dismissal from the CVM program with no PSC review or appeal (Board00094; Board00254).

Shortly thereafter, Plaintiff received a grade of D in his Anesthesia rotation. (Board00086-88). Pursuant to the terms of Plaintiff's academic suspension, he was dismissed.

## **INTERROGATORY NO. 12:**

*Please identify any and all students or faculty at OSU that were interviewed, contacted or who gave statements regarding Plaintiff's conduct or character.*

**RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to Plaintiff's Interrogatory No. 12, as it is a vague and an overly broad interrogatory and to the extent the Interrogatory seeks information protected by the attorney-client and/or attorney work product privilege(s). Furthermore, Defendants object to Plaintiff's Interrogatory No. 12 to the extent it requires the adoption of an assumption that is improper, i.e., Plaintiff was subject to a disciplinary process due to his conduct. Subject to and without waiving these objections, Defendants state as follows: Defendants are unaware of any alleged conduct violations or any disciplinary procedures to which Plaintiff was subjected.  Plaintiff was placed on academic probation and academic suspension before being dismissed from the program, all of which stemmed from Plaintiff's failure to meet program academic and/or professional standards – not Plaintiff's conduct. Therefore, Defendants are unaware of any individuals who were interviewed, contacted or gave statements regarding Plaintiff's conduct or character.

**INTERROGATORY NO. 13:**

 *Please identify any and all document(s) OSU Defendants, including any Oklahoma State University employee(s) and/or individual acting on the behalf of Oklahoma State University, obtained or reviewed when making each determination or finding regarding Plaintiff as is set forth in the Complaint.*

**RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to Plaintiff's Interrogatory No. 13 as being a vague and an

overly broad interrogatory. Subject to and without waiving these objections, Defendants refer Plaintiff to documents produced in response to Plaintiff's Request for Production No. 28. The individuals involved in making determinations and/or findings regarding Plaintiff as set forth in the Complaint would be limited to the PSC and Dean Risco. The documents those individuals would have reviewed were limited to grading and/or assessment documents from the rotations Plaintiff failed to meet the minimum academic standards, i.e., Small Animal Internal Medicine, Community Practice and Anesthesiology (see documents to be produced) and Plaintiff's letter of appeal (Board00280 – 281).

**INTERROGATORY NO. 14:**

*Please describe the policy or procedure utilized by OSU in Plaintiff's dismissal from the University on or about April 2020.*

**RESPONSE TO INTERROGATORY NO. 14:**

The policy and/or procedure utilized in Plaintiff's dismissal from the program is the Academic Standards policy found on pages 9 – 16 of the OSU CVM Student Handbook (Board00247 – 254).

**INTERROGATORY NO. 15:**

*Please identify any and all written statements, including emails, internal memoranda, notes, letters, and the like, concerning Plaintiff taken by CVM's Professional Standards Committee.*

**RESPONSE TO INTERROGATORY NO. 15:**

Defendants object to Plaintiff's Interrogatory No. 15 as being a vague and an overly broad interrogatory. Additionally, Defendants object to the extent the Interrogatory seeks information protected by the attorney-client and/or attorney work product privilege(s). Subject to and without waiving these objections, Defendants state as follows: No statements, declarations and/or admissions were taken by the PSC other than Plaintiff's verbal statements made during his meeting with the PSC and the appeal letter Plaintiff submitted (Board00280 – 281).

**INTERROGATORY NO. 16:**

*Please identify by name, contact information, job title, and position each of the members of the CVM's Professional Standards Committee present at the hearings held on March 18, 2020, regarding Plaintiff. Please set forth all evidence and/or documentation reviewed by the Professional Standards Committee and all any provisions or policies set forth in OSU's Honor Code and/or OSU Handbook that were relied upon by the university in setting and conducting said hearing.*

**RESPONSE TO INTERROGATORY NO. 16:**

Defendants object to Plaintiff's Interrogatory No. 16 as being a vague and an overly broad interrogatory. Subject to and without waiving these objections, Defendants refer Plaintiff to documents produced in response to Plaintiff's Request for Production No. 30. The documents reviewed by the PSC were limited to grading and/or assessment documents from the rotations Plaintiff failed to meet the minimum academic standards,

i.e., Small Animal Internal Medicine, Community Practice and Anesthesiology (see documents to be produced), and Plaintiff's letter of appeal (Board00280 – 281). The PSC relied upon the Academic Standards policy found on pages 9 – 16 of the OSU CVM Student Handbook (Board00247 – 254).

### INTERROGATORY NO. 17:

*Please identify OSU's policy or procedure regarding a student's right to appeal their grade or dismissal from the University.*

### RESPONSE TO INTERROGATORY NO. 17:

Defendants object to Plaintiff's Interrogatory No. 17 as being a vague and an overly broad interrogatory. Subject to and without waiving these objections, Defendants state as follows: The policy utilized with relation to students participating in the CVM clinical rotation program is found in the OSU CVM Student Handbook pages 12 – 16 (Board00250 – 254).

### INTERROGATORY NO. 18:

*Please identify the course guidelines and structure of OSU's course instructed by Dr. Stefano Di Concetto during the Spring 2020 semester, titled VCS 7843 Anesthesiology Clinic, including but not limited to, the duration of the course as indicated on the Revised Course Syllabus, how many times a week did this rotation meet, how long was each rotation per day and the exact dates this rotation actually took place. Please state if this course was terminated early by Dr. Di Concetto, or any employee asking on the behalf of OSU, and if so, the reasoning for the early*

*termination of this rotation.*

**RESPONSE TO INTERROGATORY NO. 18:**

Defendants object to Plaintiff's Interrogatory No. 18 as being a vague, overly broad and compound interrogatory. Subject to and without waiving these objections, Defendants state as follows: Much of the information requested is detailed in the course syllabi (Board00222 – 234). This was the first entirely virtual anesthesiology rotation offered as part of the program, which resulted from OSU, along with all other universities and institutions of higher education throughout the world, navigating the novel complexities and health risks posed by the COVID-19. As a result, changes were made to the syllabi to adjust to the new situation.

The Anesthesia rotation was a three (3) week rotation. Plaintiff was enrolled in Rotation No. 16, beginning Monday, March 23, 2020, and ending Sunday, April 12, 2020. On Saturdays and Sundays students were called in for emergencies only. However, due to the limitations associated with COVID-19, in-person attendance was not permitted. Therefore, in the event of an emergency, the on-call anesthesia technician would notify students who were on-call, whenever possible. Students were then given an opportunity to prepare virtual anesthetic plans remotely.

The rotation met weekdays for rounds conducted via Zoom (Monday through Friday), usually once in the morning and once in the afternoon for 1 – 2 hours. Occasionally, when the opportunity arose, the instructor would take a laptop into the operating room to allow students to virtually observe real patients being anesthetized.

The rotation was scheduled to terminate on Sunday, April 12, 2020; however, it

was terminated on Thursday, April 9, 2020, at approximately 3:00 p.m. The end-of-rotation exam was held on the morning of Friday, April 10, 2020, the last weekday of the rotation, instead of the morning Zoom rounds.

**INTERROGATORY NO. 19:**

*Please identify any and all witnesses, including experts, who have been consulted, interviewed, or contacted regarding the subject incident, and identify all statements made and documents produced by said witnesses or otherwise.*

**RESPONSE TO INTERROGATORY NO. 19:**

Defendants object to Plaintiff's Interrogatory No. 19 to the extent the Interrogatory seeks information protected by the attorney-client and/or attorney work product privilege(s). Subject to and without waiving these objections, Defendants state as follows: No expert witnesses have been retained, consulted or contacted regarding this case. As to fact witnesses, this matter is still in the early stages of being litigated, and no determinations have been made regarding witnesses. However, at this time, Defendants are unaware of any individuals, other than those listed in either Defendants' or Plaintiff's Initial Disclosures, that is expected to serve as a witness in this case.

**INTERROGATORY NO. 20:**

*Please state whether any of the meetings set forth in the complaint, investigation, or interviews were filmed, photographed, or videotaped by any camera or recorded in any audio recording or record. If the answer is yes, please provide the location of the photos, videotape, audio recording, or record and how Plaintiff may*

*obtain them.*

**RESPONSE TO INTERROGATORY NO. 20:**

To Defendants' knowledge, no such photos, video and/or audio recordings, and/or records exist.

**INTERROGATORY NO. 21:**

*Please identify any and all written statements, forms or reports, including emails, internal memoranda, notes, letters, and the like, concerning Plaintiff, by OSU's counselors and all other health care providers.*

**RESPONSE TO INTERROGATORY NO. 21:**

At this time, Defendants have made no effort to determine the existence of any such records; however, Defendants will do so should Plaintiff provide authorizations for disclosure of his medical and/or mental health records.

**INTERROGATORY NO. 22:**

*Please identify any and all contracts and agreements between Plaintiff and OSU, whether written or unwritten.*

**RESPONSE TO INTERROGATORY NO. 22:**

Defendants object to Plaintiff's Interrogatory No. 22 to the extent the Interrogatory requires a legal conclusion regarding what may or may not constitute a contract. Subject to and without waiving these objections, Defendants state as follows: See Plaintiff's signed affirmation for the Veterinary Medicine Library policy (Board00003), signed release for OSU relating to the handling, diagnosis or treatment of animals (Board00004),

signed acknowledgement of the OSU disability policy (Board00005), signed acknowledgement of the OSU Center for Veterinary Health Sciences Digital Media policy (Board00006), signed FERPA acknowledgement (Board00007), signed acknowledgement of the IT responsibilities and Expectations (Board00008), signed acknowledgement of the Center for Veterinary Health Sciences Technical Standards Information (Board00009), the OSU Center for Veterinary Health Sciences Guidelines (Board00012 – 54), the OSU College of Veterinary Medicine Student Handbook (Board00235 – 277), and the OSU Student Code of Conduct (Board00298 – 320).

**INTERROGATORY NO. 23:**

*Please provide a complete explanation and description of any and all complaints or reports of misconduct made to OSU concerning preceptor Dr. Lara Sypniewski, Dr. Paul Demars, or Dr. Stefano Di Concetto in the previous ten (10) years.*

**RESPONSE TO INTERROGATORY NO. 23:**

Defendants object to Plaintiff's Interrogatory No. 23 as it is vague, overly broad, unduly burdensome, and seeks information not relevant to any party's claims or defenses and not proportionate to the needs of the case. Subject to and without waiving these objections, Defendants state as follows: See documents to be produced in response to Plaintiff's Requests for Production Nos. 40 – 42.

DATED this _____ day of November, 2022.

Respectfully Submitted,

s/Clinton W. Pratt_____
Clinton W. Pratt, OBA #21329
Gaylan Towle II, OBA #32884
Board of Regents for the Oklahoma
Agricultural and Mechanical Colleges
5th Floor, Student Union Building
Oklahoma State University
Stillwater, OK 74078-7044
(405) 744-6494/Fax: (405) 744-7998
clint.pratt@okstate.edu
gaylan.towle@okstate.edu
**ATTORNEY FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above and foregoing was mailed by United States Mail, first class, with postage prepaid thereon, this 3rd day of November, 2022, to:


R. Jack Freeman
1861 East 71st Street
Tulsa, Oklahoma 74136
jack@lsh-law-firm.com

and

Jason J. Bach, Esq.
7881 W. Charleston Blvd., suite 165
Las Vegas, Nevada 89117
jbach@bachlawfirm.com
**ATTORNEYS FOR PLAINTIFF**



                                        s/Clinton W. Pratt_____